IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JONATHAN S. ALMODOVA, ET AL.,   )     CIVIL NO. 10-00355 LEK-RLP
                                 )
          Plaintiffs,            )
                                 )
     vs.                         )
                                 )
CITY AND COUNTY OF HONOLULU,     )
                                 )
          Defendant.             )
_____  )


**ORDER GRANTING JOINT MOTION FOR APPROVAL
OF SETTLEMENT AND GRANTING PLAINTIFFS' MOTION
FOR APPROVAL OF ATTORNEY'S FEES AND COSTS**

Plaintiffs Jonathan S. Almodova, Randall Arakaki, Wallace Change, Chad Giesseman, J. Craig Petersen, Jason Pistor, Lisa Reed, Ronald L. Smith, and Robert Thomas, et al., (collectively, "Plaintiffs") filed the Motion for Approval of Attorney's Fees and Costs ("Fee Motion") on June 11, 2012. [Dkt. no. 62.] Defendant City & County of Honolulu ("Defendant") filed a statement of position on June 26, 2012. [Dkt. no. 65.] Plaintiffs and Defendant (collectively, "the Parties") filed a Joint Motion for Approval of Settlement ("Joint Settlement Motion") on July 23, 2012. [Dkt. no. 68.] These matters came before this Court for hearing on August 6, 2012. Appearing on behalf of Plaintiffs was Vladimir Devens, Esq., and appearing on behalf of Defendant was Darin Leong, Esq. After careful consideration of the Fee Motion and Joint Settlement Motion, supporting and opposing memoranda, and the arguments of counsel,

the Fee Motion and the Joint Settlement Motion are HEREBY GRANTED for the reasons set forth below.

### BACKGROUND

On June 28, 2010, Plaintiffs filed a complaint against Defendant alleging violations of the Fair Labor Standards Act ("FLSA").  A number of plaintiffs have settled their claims against Defendant with 143 plaintiffs remaining ("Remaining Plaintiffs").  On April 10, 2012, the Parties reached a settlement that would resolve the claims of all Remaining Plaintiffs in the instant case.

## I.   Almodova I

In the preceding action, Almodova, et al. v. City & County of Honolulu, CV 07-00378 DAE-LEK, the plaintiffs alleged that Defendant violated the FLSA by: improperly calculating the plaintiffs' regular rate of pay, which is used to calculate overtime pay; failing to compensate them for pre-shift and post-shift periods of work and for working through unpaid meal periods; failing to comply with the FLSA's compensatory time off provisions; failing to compensate them in a timely manner for overtime work; and improperly classifying certain plaintiffs as exempt from the FLSA.  2010 WL 1372298, at *1 (D. Hawai`i Mar. 31, 2010) ("Almodova I").

Defendant made individual offers of settlement to 422 of the 463 plaintiffs, with different amounts offered to groups

2

of plaintiffs based upon their department and ranking or status. Id. at *1 & n.2.  Each individual plaintiff independently chose whether or not to accept his or her offer, with 280 of the 463 plaintiffs accepting.  Certain groups did not receive settlement offers, specifically battalion chiefs in the fire department and employees of in departments other than the police department or the fire department.  Id. at *1.  The magistrate judge found the settlements to be fair and reasonable and recommended approval of the settlements.  Id. at *6.  Further, using the lodestar analysis as a guide, the magistrate judge found that the attorneys' fees that Defendant agreed to pay and the attorneys' fees which were to be deducted from the settlement amounts were reasonable, and the magistrate judge recommended approval of the attorneys' fees attributable to the settling plaintiffs in Almodova I.  Id. at *12-13.

The district judge issued the Order Adopting Magistrate's Findings and Recommendation on April 20, 2010.  [CV 07-00378 DAE-LEK (dkt. no. 198).]  After approval of the settlements, the district judge approved the parties' stipulation to dismiss the action without prejudice and to allow the remaining plaintiffs, who either did not receive settlement offers or rejected the settlement offers they received, to re-file their FLSA claims in a new action under the statute of limitations applicable to CV 07-00378.  [Id., Stip. & Order to

3

Dismiss the Action Without Prejudice & Preserve the Statute of Limitations, filed 6/21/10 (dkt. no. 199).]  The Stipulation and Order also stated:

> 9.    For the purpose of attorney's fees and costs, *Almodova I* and *Almodova II* shall be treated as a continuous action.  The fee agreements signed in *Almodova I* shall remain in full force and effect for *Almodova II*.  Attorney's fees and costs generated during *Almodova I* shall be recoverable in *Almodova II* to the extent they would have been recoverable if the action had continued under *Almodova I*, whether pursuant to a fee agreement or a statutory or other legal entitlement[.]

[Id. at 4.]

## II.  Almodova II

The remaining 183 plaintiffs reasserted their claims in the instant action, Almodova v. City & County of Honolulu, CV 10-00355 LEK-RLP.  The complaint in the instant case alleges violations identical to the violations of the FLSA claims alleged in CV 07-00378.  2011 WL 4828708, at *2 (D. Hawai`i Sept. 30, 2011) ("Almodova II").  On August 31, 2010, after engaging in numerous settlement conferences, Defendant issued individual Offers of Judgment to the 183 plaintiffs.  Plaintiffs' counsel communicated the offers to each plaintiff individually, and forty-one accepted.  Id.  The parties filed a Joint Motion for Approval of Offers of Judgment on August 4, 2011, which the Court granted on September 30, 2011.  Id. at *1.

In the instant case, Plaintiffs filed the Fee Motion on June 11, 2012, and Defendant filed a statement of position to the

Fee Motion on June 26, 2012 stating that Defendant does not oppose the Fee Motion, provided that this Court approves the underlying settlement agreement.  [Dkt. no. 65.]  The Parties filed the Joint Settlement Motion on July 23, 2012.

## PROPOSED SETTLEMENT

In the instant case, the Parties have entered into a Settlement Agreement that would resolve the claims of all Remaining Plaintiffs in Almodova II.[1]  The settlement requires Defendant to pay a sum certain as damages, and it calls for the Remaining Plaintiffs to attribute part of the settlement proceeds to satisfy their attorneys' fee obligations.  [Mem. in Supp. of Fee Motion at 2.]  The Settlement has the following general provisions:

- Defendant will pay to each Plaintiff a gross amount (as reflected in the Settlement), less applicable payroll deductions.  Defendant will pay to Plaintiffs' counsel an amount for attorneys' fees and costs that is equal to 33.33% of the gross amount.

- Defendant will pay each Plaintiff directly by check.  Defendant will pay Plaintiffs' counsel with a separate check.  These payments will be made after the Court approves the settlement.

- Defendant has acknowledged its obligations to compensate employees for all hours of work

---

[1] On July 24, 2012, the Court issued an order granting Plaintiffs leave to file exhibits pertaining to the settlement under seal.  [Dkt. no. 70.]  Plaintiffs filed the Settlement Agreement as Exhibit 1 and the list of the settlement amounts for each of the Remaining Plaintiffs as Exhibit 2.  [Dkt. no. 71.]

5

that it suffers or permits them to perform.

[Mem. in Supp of Joint Settlement Motion at 8; Motion to File

Exhibits Pertaining to Settlement under Seal, filed 7/24/12 (dkt.

no. 71-1), Exh. 1 ("Settlement Agreement") at 1-2, 4.]

### JOINT MOTION FOR APPROVAL OF SETTLEMENT

The FLSA provides:

> Any employer who violates the provisions of
> section 206 or section 207 of this title shall be
> liable to the employee or employees affected in
> the amount of their unpaid minimum wages, or their
> unpaid overtime compensation, as the case may be,
> and in an additional equal amount as liquidated
> damages. . . .  The court in [an FLSA] action
> shall, in addition to any judgment awarded to the
> plaintiff or plaintiffs, allow a reasonable
> attorney's fee to be paid by the defendant, and
> costs of the action. . . .

29 U.S.C. § 216(b).

As in Almodova I and Almodova II, the Court will review

the settlement and Plaintiffs' attorneys' fees and costs,

"according to the fairness standard set forth in the seminal

case, Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350

(11th Cir. 1982)." See Almodova II, 2011 WL 4828708, at *3.

"Lynn's Food requires the district court to 'scrutiniz[e] the

settlement for fairness[,]' and determine that the proposed

settlement 'is a fair and reasonable resulution [sic] of a bona

fide dispute over FLSA provisions.'" Id. (alterations in

Almodova II) (quoting 679 F.2d at 1353, 1355).

The Settlement Agreement between the Parties provides that a portion of the settlement amount be allocated for an award of Plaintiffs' attorneys' fees and costs.  This Court has previously looked to the following factors in evaluating a proposed class action settlement for overall fairness:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Id. (some citations omitted) (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)).

Class actions and FLSA actions are inherently different, and therefore not all of the factors apply.  The majority of the factors, however, do apply and will be useful in determining the fairness of the settlement in this case.  See id. In the instant case, the Parties reassert similar arguments as in Almodova I and Almodova II and contend that each of the factors weigh in favor of finding the settlement to be fair and reasonable.  [Mem. in Supp. of Joint Settlement Motion at 9-16.] The Remaining Plaintiffs claims are the same as the claims this Court addressed in Almodova II, therefore the Court relies on the analysis previously set forth in Almodova II.

I.  **Strength of Plaintiffs' Case**

This Court has reviewed the strengths and weaknesses of the claims in this case in Almodova II and found that this factor weighed in favor of approving the settlement.

> Plaintiffs assert that some of their claims, such as the regular rate and uncompensated work claims, are well grounded in the law, but they acknowledge that the factual elements of the uncompensated work claims may be difficult to prove.  Further, a recent Ninth Circuit case found the donning and doffing of uniforms and equipment, one of the larger uncompensated work claims in CV 07-00378 and in the instant case, to be a non-compensable activity under the FLSA when police officers have the option of donning and doffing at home.  The Ninth Circuit has also held that an employer is not required to provide compensatory time off on the specific days that the employee requests if the employer allows the time off within a reasonable period thereafter.

> Defendant has raised various defenses, including the higher overtime threshold for police officers and fire fighters, credits for overtime payments that Defendant made, and the alleged exemption from the FLSA for police sergeants, police lieutenants, fire captains, fire battalion chiefs, and police dispatch supervisors. Plaintiffs also note that, even prior to CV 07-00378, there was a similar lawsuit against Defendant in 2006.  It prompted Defendant to institute certain policies to control overtime work, and these policies could make it more difficult for Plaintiffs to prove their case.

> In light of the strengths and potential weaknesses in Plaintiffs' case, the Court finds that the first factor weighs in favor of approving the settlement.

Id. at *3-4 (citations omitted).

The Court finds that, for the same reasons, this factor weighs in favor of approving the settlement of the Remaining Plaintiffs' claims.

## II.   Risks of Further Litigation

> Plaintiffs acknowledge that there is risk inherent in all litigation, and the risk for each of Plaintiffs' claims varies for the reasons discussed above.  Plaintiffs also note that the FLSA has only been applied to local and municipal governments since 1985, and there is little case law regarding FLSA claims by police officers and firefighters, who work under unique circumstances. This Court finds that these risks support settlement approval.

Id. at *4.

The claims this Court discussed in Almodova II were the same as the Remaining Plaintiffs' claims; the Court therefore finds that this factor weighs in favor of approving the settlement.

## III. Stage of Proceedings

In the instant case, the Parties have not conducted further discovery since the filing of the complaint in the instant case.  [Mem. in Supp. of Joint Settlement Motion at 13.] The Parties anticipate that, if Plaintiffs' claims were to proceed, formal discovery including document requests, interrogatories, and depositions would commence and the ensuing attorneys' fees and costs could quickly escalate for both Parties.  The Parties have participated in numerous conferences with the Court regarding the course of discovery, the case

9

schedule, and settlement discussions.  The Parties have conducted sufficient discovery to allow a realistic evaluation of the case, but significant discovery remains, as well as motions practice and trial preparation, which could further increase the cost of bringing the instant case to conclusion.  [<u>Id.</u> at 13-14.]  The Court therefore finds that the stage of the proceedings and the extent of discovery completed favor approval of the settlement.

IV.   <u>**Expense, Complexity, and Duration of Further Litigation**</u>

The Court finds that this factor weighs in favor of settlement approval for the same reasons previously set forth by this Court:

> As previously noted above and in <u>Almodova I</u>, there is significant discovery remaining in this case, particularly because representative plaintiffs have not been selected yet. Plaintiffs' counsel also anticipate extensive dispositive motions in this case.  If the case proceeds to trial, the plaintiffs will likely retain an expert witness to calculate damages. Plaintiffs also believe that a trial in this case would be lengthy and costly because it will involve many witnesses.  This Court therefore finds that the expense, complexity, and likely duration of further litigation favors settlement approval.

<u>Almodova II</u>, 2011 WL 4828708, at *4.

V.   <u>**Amount Offered in Settlement**</u>

This Court has previously found in both <u>Almodova I</u> and <u>Almodova II</u> that settlement amounts in a similar range for individual plaintiffs were reasonable.

> Plaintiffs contend that the settlement amounts are reasonable because they mirror the range offered in CV 07-00378, which were found to be fair in Almodova I.  2010 WL 1372298, at *5. This Court agrees that, because the plaintiffs received a similar range of offers in the prior action, Defendant has offered reasonable and fair settlement amounts in the instant case.  The Court therefore finds that this factor favors approval of the settlement.

Id.

In the instant case, the Court finds that Defendant has offered reasonable settlement amounts, and therefore this factor weighs in favor of approval of the settlement.

**VI.   Experience and Views of Counsel**

This Court has previously recognized that Plaintiffs' counsel have extensive experience in FLSA litigation.   In Almodova II, this Court found that:

> Plaintiffs' counsel have extensive experience in FLSA litigation, and they believe that the settlement is fair and reasonable and should be approved.  In Almodova I, the magistrate judge found that both local counsel, Meheula & Devens, LLP, and an Oregon law firm, Aitchison & Vick, have extensive experience in complex litigation and that their views weighed in favor of settlement.  [2010 WL 1372298, at *5.] This Court therefore finds that the experience and views of Plaintiffs' counsel weigh in favor of settlement approval.

Id. at *5.

For the reasons set forth above, the Court finds that Plaintiffs' counsel's views and experience weigh in favor of approving the settlement.

## VII. **Plaintiffs' Reaction to the Settlement**

The settlement in the instant case is contingent upon ninety of the Remaining Plaintiffs accepting. [Settlement Agreement at 2.] Previously, this Court held that individualized decision making by plaintiffs weighed strongly in favor of settlement approval. Almodova I, 2010 WL 1372298, at *6; Almodova II, 2011 WL 4828708, at *5. The same holds true for the Remaining Plaintiffs.

This Court therefore FINDS that all of the relevant factors weigh in favor of determining that the settlement is reasonable.

## **MOTION FOR APPROVAL FOR ATTORNEYS' FEES AND COSTS**

Insofar as the Parties have allocated a portion of the settlement amount for Plaintiffs' attorneys' fees and expenses, this Court must examine the reasonableness of the award before it can grant approval of attorneys' fees and costs in the instant case. In the Fee Motion, Plaintiffs seek approval of the attorneys' fee allocation. When the Remaining Plaintiffs joined the litigation, they each signed a contingency fee agreement ("Fee Agreement").[2] The fee agreement contained the following relevant provisions:

> 2. Client shall compensate Attorneys for services rendered under this Agreement

---

[2] The Fee Agreement is attached to the Fee Motion as Exhibit 2.

12

only if Client obtains a recovery by
settlement or judgement. . . .

> FEE SCHEDULE
> Recovery with or without court action,
> the fee will be (based on gross amount
> recovered) . . . 33 1/3% + state excise
> tax + costs
>
> . . . .
>
> 3. For purposes of computing Attorneys'
> fees hereunder, the term "gross recovery"
> shall mean the total of any and all economic
> benefits conferred on Client as a result of
> the Lawsuit, including . . . monetary
> payments awarded by the Court or agreed to be
> paid in settlement, including any amounts
> owed by Client to Attorneys . . . .
>
> . . . .
>
> 12. . . . Client authorizes the Employer
> to deduct from the amount due Client under
> any settlement or litigated decision, the
> contingency fees due to Attorneys and to pay
> such contingency fees directly to
> Attorneys. . . .

[Fee Agreement at ¶¶ 2-3, 12.]

Plaintiffs contend that the fee agreement calls for

$263,330.00 in attorneys' fees.  Further, Plaintiffs allege that

under the fee agreement, the Remaining Plaintiffs are also

responsible for paying 4.712% in General Excise Tax on the

$263,330.00, or $12,408.11.  [Mem. in Supp. of Fee Motion at 3.]

In addition, Plaintiffs argue that this Court recommended a

finding that the following hourly rates for Plaintiffs'

attorneys' and support staff were reasonable in Almodova I:

| | | |
|---|---|---|
| Vlad Devens | Partner | $280 |
| Denise Asuncion | Paralegal | $75 |
| Andrea Rosehill | Legal Assistant | $75 |
| Lynn Kochi | Legal Assistant | $50 |
| Will Aitchison | Partner | $350 |
| Jeffrey Julius | Partner | $285 |
| Breanne Sheetz | Associate | $150 |
| Carol Green | Legal Assistant | $85 |
| Erin Hislope | Legal Assistant | $50 |
| Interview Staff | | $105 |
| Anya King | Data Analyst | $125 |

[Id. at 3-4 (citing 2010 WL 1372298, at *12).]  Plaintiffs also note that the district judge approved the recommendation as to attorneys' fees.  [Id. at 4.]

The Fee Motion states that parsing the attorney fees attributable to the Remaining Plaintiffs is difficult due to the litigation history.  In Almodova I, the class size was 463 plaintiffs with the 143 Remaining Plaintiffs making up 30.88% of that class.  The Fee Motion states that the Remaining Plaintiffs, therefore, should be assessed 30.88% of the fees and costs charged up to June 21, 2010, when the Court approved the settlement in Almodova I.  [Id. at 4-5; Fee Motion, Decl. of Vladimir Devens ("Devens Decl.") at ¶¶ 8-9.]  Further, at the time of the Almodova II order, there was a total of 422 plaintiffs, with the 143 Remaining Plaintiffs making up 33.89% of the plaintiffs.  The Fee Motion states that the Remaining Plaintiffs should be assessed 33.89% of the attorneys' fees and costs accrued between June 21, 2010 and August 31, 2010 since the Offers of Judgment in Almodova II were largely accepted by

14

September 1, 2010.  [Mem. in Supp. of Fee Motion at 5; Devens Decl. at ¶¶ 8-9.]  Finally, the Fee Motion states that the Remaining Plaintiffs should be assessed 100% of the attorneys' fees and costs accrued after August 31, 2010.  [Mem. in Supp. of Fee Motion at 5; Devens Decl. at ¶¶ 8-9.]

Plaintiffs argue that there is no reason for a downward adjustment of the lodestar amount and that the Court should apply a lodestar factor of at least one because of the highly contingent nature of this litigation and the quality of the result counsel obtained.  Further, Plaintiffs contend that the provisions of the settlement calling for the payment of attorneys' fees and litigation costs is reasonable given the complexity and demands of the litigation, and the Court should approve the settlement.  [Id. at 8-10.]

I.   **Attorneys' Fees and Costs**

In reviewing the proposed attorneys' fees and costs for reasonableness, this Court will use the principles of the traditional lodestar method as a guide, and apply the same analysis set forth in Almodova I and Almodova II.  2010 WL 1372298, at *6-12; 2011 WL 4828708, at *5-7.

A.   **Reasonable Hourly Rate and Hours Reasonably Expended**

Under the lodestar method, the court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."

Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The Court must then decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

If this Court were determining the fee award under the lodestar analysis, the Court would require counsel to submit detailed records of all time billed in this case.  Plaintiffs' counsel assert that the hours expended are reasonable due to the complexity and demands of the litigation.  [Fee Motion, Decl. of Will Aitchison ("Aitchison Decl.") at ¶ 15; Devens Decl. at ¶ 10.]  The Court notes that, previously in Almodova I and Almodova II, the Court accepted Plaintiffs' representation that all of counsel's time expended on this case was reasonable and necessary.  Almodova I, 2010 WL 1372298, at *10; Almodova II, 2011 WL 4828708, at *6.  Further, in the instant case, Plaintiffs' counsel applied the hourly rates found reasonable in Almodova I.  [Aitchison Decl. at ¶ 15; Devens Decl. at ¶ 10.]

**B.  Amount of the Award**

Plaintiffs' counsel divided their attorneys' fees during three time periods:  (1) the time period up to and including June 21, 2010, when this Court approved a group of settlements in Almodova I ("Group 1"); (2) the time period between June 22, 2010 and August 31, 2010, when this Court approved the Offers of Judgement in Almodova II ("Group 2"); and (3) the time period after August 31, 2010 ("Group 3").  [Aitchison Decl. at ¶ 14; Devens Decl. at ¶ 8.]  As previously stated, the Remaining Plaintiffs in the instant case make up 30.88% of the Plaintiffs in Group 1, 33.89% of the Plaintiffs in

17

Group 2; and 100% of the Plaintiffs in Group 3.  [Devens Decl. at ¶ 9.]  If this Court applied the lodestar analysis in this case, this Court would find the following fees to be reasonable, as set forth in the tables below.

    1.   **Group 1**

        Group 1 consists of the plaintiffs in the prior action who incurred attorneys' fees and costs up to and including June 21, 2010.

| Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| *Meheula & Devens* | | | |
| Vlad Devens-partner | $280 | 331.25 | $ 92,750.00 |
| Denise Asuncion-legal assist. | $ 75 | 125.00 | $  9,375.00 |
| Andrea Rosehill-legal assist. | $ 75 | 20.25 | $  1,518.75 |
| Lynn Kochi-legal assist. | $ 50 | 106.00 | $  5,300.00 |
| | | Subtotal | $108,943.75 |
| | | | |
| *Aitchison & Vick* | | | |
| Will Aitchison-partner | $350 | 241.30 | $ 84,455.00 |
| Jeffrey Julius-partner | $285 | 89.85 | $ 25,607.25 |
| Breanne Sheetz-associate | $150 | 459.58 | $ 68,937.00 |
| Anya King-data analyst | $125 | 143.20 | $ 17,900.00 |
| Marc Fuller-data analyst | $125 | 175.50 | $ 21,937.50 |
| Carol Green-legal assist. | $ 85 | 152.85 | $ 12,992.25 |
| Erin Hislope-legal assist. | $ 50 | 162.30 | $  8,115.00 |
| Survey Staff | $105 | 1126.15 | $118,245.75 |
| | | Subtotal | $358,189.75 |
| | | **Grand Total** | **$467,133.50** |

Almodova II, 2011 WL 4828708, at *6.[3]

_____

    [3] The Court is applying the amounts for attorneys' fees as calculated in Almodova II.  The hours represented in the Fee Motion are the same, however, the Court notes that there are errors in the calculations of the attorneys' fees attributable to those hours.

The Remaining Plaintiffs constitute 30.88% of Group 1. [Devens Decl. at ¶ 9.]  The Remaining Plaintiffs are therefore responsible for 30.88% of the total attorneys' fees for Group 1, amounting to $144,250.82.

### 2.   Group 2

Group 2 consists of the plaintiffs who incurred attorneys' fees and costs on the matter from June 22, 2010 through August 31, 2010.

| Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| *Meheula & Devens* | | | |
| Vlad Devens-partner | $280 | 4.00 | $  1,120.00 |
| | | | |
| *Aitchison & Vick* | | | |
| Will Aitchison-partner | $350 | 2.90 | $  1,015.00 |
| Breanne Sheetz-associate | $150 | 34.592 | $  5,188.80 |
| Anya King-data analyst | $125 | 83.90 | $ 10,487.50 |
| Carol Green-legal assist. | $ 85 | 4.21 | $    357.85 |
| | | Subtotal | $ 17,049.15 |
| | | **Grand Total** | **$ 18,169.15** |

Almodova II, 2011 WL 4828708, at *6.

The Remaining Plaintiffs constitute 33.89% of Group 2. [Devens Decl. at ¶ 9.]  The Remaining Plaintiffs are therefore responsible for 33.89% of the total attorneys' fees for Group 2, amounting to $6,157.52.

### 3.   Group 3

Group 3 consists of the Remaining Plaintiffs, who incurred attorneys' fees and costs in the instant case after August 31, 2010.

| Attorney/Staff | Rate | Hour | Subtotal |
|---|---|---|---|
| *Meheula & Devens* | | | |
| Vlad Devens-partner | $280 | 163.50 | $ 45,780.00 |
| Denise Asuncion-paralegal | $ 75 | 55.00 | $  4,125.00 |
| | | Subtotal | $ 49,905.00 |
| *Aitchison & Vick* | | | |
| Will Aitchison-partner | $350 | 156.02 | $ 54,607.00 |
| Breanne Sheetz-associate | $150 | 66.52 | $  9,978.00 |
| Anya King-data analyst | $125 | 29.00 | $  3,625.00 |
| | | Subtotal | $ 68,210.00 |
| | | **Grand Total** | **$118,115.00** |

[Aitchison Decl. at ¶ 15; Devens Decl. at ¶ 10.]  Since the
Remaining Plaintiffs constitute 100% of Group 3, the Remaining
Plaintiffs are therefore responsible for 100% of the total
attorneys' fees for Group 3.

### C.   Summary of Attorneys' Fees

If the Court applied the lodestar analysis in this
case, the total unadjusted lodestar award would be $268,541.34.
Generally, it is common practice for district courts to award
general excise tax when awarding attorney's fees.  See, e.g.,
Donkerbrook v. Title Guar. Escrow Servs., Inc., Civ No. 10-00616
LEK-RLP, 2011 WL 3649539, at *9-10 (D. Hawai`i Aug. 18, 2011);
Shea v. Kahuku Hous. Found., Inc., Civ. No. 09-00480 LEK-RLP,
2011 WL 1261150, at *8 (D. Hawai`i Mar. 31, 2011).  Further, as
previously stated, Plaintiffs allege that under the fee
agreement, the Remaining Plaintiffs are also responsible for
paying 4.712% in general excise tax on the $263,330.00, or a
total of $12,408.11.  [Mem. in Supp. of Fee Motion at 3; Fee
Agreement at ¶ 2.]

The unadjusted lodestar amount is greater than the contingent fee agreement amount of $263,330.00.  [Mem. in Supp. of Fee Motion at 8.]  Both the lodestar amount and the amount in the settlement only take into account the time that Plaintiffs' counsel worked prior to the filing of the Fee Motion, thus, the time they spent preparing the Fee Motion and any time that they will spend in the settlement approval process was not included in the analysis.  Additionally, the calculations do not include the time that Plaintiffs' counsel will spend in the post-settlement interview process called for by the Settlement Agreement.[4] [Devens Decl. at ¶ 11.]

Having compared the amount that this Court could award in this case under the lodestar analysis with the amount that the Fee Agreement calls for, this Court FINDS that the award of attorneys' fees under the Fee Agreement is manifestly reasonable.

## II.  Costs

Pursuant to the Fee Agreement, Plaintiffs seek $263,330.00, plus $12,408.11 in general excise tax, for a total of $275,738.11.  At the hearing on the motions, Plaintiffs' counsel clarified that this amount represents the Remaining Plaintiffs' total outstanding obligation to Plaintiffs' counsel.

---

[4] Plaintiffs' counsel anticipates that at least another fifty hours will be spent preparing the Remaining Plaintiffs for the post-settlement interviews and representing them during the interviews.  [Devens Decl. at ¶ 11.]

In other words, the amount includes both attorneys' fees and costs. Thus, although Plaintiffs presented information about the litigation costs that Plaintiffs' counsel incurred for each of the three groups, [Mem. in Supp. of Fee Motion at 6,] this Court need not address the reasonableness of those costs because this Court has already found that the amount provided under the Fee Agreement is reasonable based on the amount of attorneys' fees that this Court could have awarded under the lodestar analysis.

The Court therefore FINDS that the $275,738.11 provided for under the Fee Agreement, which represents the Remaining Plaintiffs' attorneys' fees and costs, is manifestly reasonable. The Court GRANTS approval of the attorneys' fees and costs attributable to the Remaining Plaintiffs in this case.

In light of this Court's previous findings that all of the relevant factors favor approval of the settlement, and in light of this Court's approval of the attorneys' fees and costs attributable to the Remaining Plaintiffs, this Court GRANTS approval of the Parties' settlement.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Approval of Attorney's Fees and Costs, filed June 11, 2012, and the Parties' Joint Motion for Approval of Settlement, filed June 23, 2012, are HEREBY GRANTED.

The Court ORDERS the Parties to perform their duties and obligations under the Settlement Agreement.  Further, the Court ORDERS Plaintiffs' counsel to file a report regarding the distribution of the settlement amounts within sixty (60) days after the payment of the settlement amounts.  Upon receipt of such report and approval by the Court and the Parties, this Court will dismiss the Remaining Plaintiffs' claims against Defendant with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 8, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

JONATHAN S. ALMODOVA, ET AL. V. CITY AND COUNTY OF HONOLULU; CIVIL 10-00355 LEK-RLP; ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AND GRANTING PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEY'S FEES AND COSTS